IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AVASHA ROSHEA NIXON,            )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 18-1631
                                )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
          Defendant.            )

O R D E R

AND NOW, this 30th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: failing to give adequate weight to the medical opinion evidence provided by Plaintiff's treating physicians in formulating Plaintiff's residual functional capacity assessment ("RFC"); and failing to evaluate properly Plaintiff's credibility. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion evidence provided by treating physicians Noah Bass, M.D., Minhduc Tran, D.O., and Eileen Boyle, M.D. At the outset, the Court notes that it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants— must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). Thus, a treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is therefore not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ provided a sufficient explanation of his reasons for giving the opinions of Dr. Boyle, Dr. Bass, and Dr. Tran less than controlling weight in his analysis. The ALJ did not provide an inadequate rationale for discounting the doctors' opinions, nor did he simply substitute his own lay analysis for the doctors' judgments in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate the doctors' opinions, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927.

The Court emphasizes, first, that all three of the opinions at issue here were provided on extremely short, simple check-box forms which consisted solely of questions with options for the doctors to check or circle and blanks to fill. (R. 413-14, 415-17, 418-19). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Further, the Third Circuit has affirmed that an ALJ may discount a treating

2

physician's opinion where it consists of a conclusory check-box form. See, e.g., Colvin v. Comm'r of Soc. Sec., 675 Fed. Appx. 154, 156-57 (3d Cir. 2017) (noting that a treating physician's opinion that was set forth in a check-box form was weak evidence at best). Accordingly, the Court finds that the three opinions at issue here lack support or details to justify the statements made therein.

Nevertheless, the ALJ addressed the three opinions and explained the weight he gave to each one after providing a summary of the evidence of record, including treatment records and other objective medical evidence, Plaintiff's reported symptoms, and her significant activities of daily living. (R. 16-19). The ALJ then discussed his consideration of each of the medical opinions, beginning with that of primary care physician Dr. Boyle. Dr. Boyle filled out a check-box form in November 2015 indicating that Plaintiff had various limitations, including often experiencing headaches and often having difficulties with concentration due to pain. (R. 413-14). In his decision, the ALJ explained that he gave Dr. Boyle's opinion little weight, based on the fact that it was not supported by the record, which he had previously described. The ALJ further explained that, more importantly, he gave Dr. Boyle's opinion little weight because the restrictions she identified were not reflected in her own treatment notes. (R. 19). In fact, the ALJ noted in his decision that the record showed minimal treatment for headaches, no referral for specialist care for headaches, and minimal diagnostic care for headaches. (R. 15). Further, despite the record showing no concentration deficits, the ALJ noted that he addressed any concerns regarding a loss of concentration due to pain by restricting her exposure to hazards. (R. 19). Thus, the Court finds that the ALJ did not err in giving the opinion of Dr. Boyle, which did not include support or details to justify the statements made therein, and was not well-supported by the evidence of record, little weight in his analysis.

Next, the ALJ indicated in his decision that he gave Dr. Bass's check-box form from October 2016 partial weight, and he accounted for some of the limitations included therein in the RFC, including restrictions on crawling and operating foot controls. (R. 20, 418-19). The ALJ explained that Dr. Bass's findings of limitations of "often" handling and fingering, however, were inconsistent with the record as a whole, which revealed that Plaintiff had engaged in a broad array of activities that were inconsistent with such limitations. (R. 20). For instance, the ALJ noted in his discussion that Plaintiff continued her work as a nurse on a part-time basis, remained independent in personal care activities, managed daily tasks including caring for a son with autism, prepared meals, washed dishes, did ironing and cleaning, did laundry, shopped in stores, safely operated an automobile, read, and socialized with others on a regular basis. (R. 18). The ALJ also explained that the longitudinal records indicated that Plaintiff retained greater manipulative, postural and exertional abilities than Dr. Bass checked off on his form. (R. 20). For example, in his summary of the medical evidence, the ALJ noted that Plaintiff's degenerative disc disease was generally characterized as mild, and that she retained normal reflexes, sensation and a generally intact range of motion throughout the spine. (R. 17). The ALJ also noted that Plaintiff retained adequate range of motion within the hips, and that any reduction in range of motion of the neck was mild. (R. 17). Moreover, the ALJ noted that recent records showed normal range of motion, strength, and lack of tenderness throughout her musculoskeletal system. (R. 17). The Court therefore concludes that the ALJ did not err in giving partial weight to Dr. Bass's opinion as it, like Dr. Boyle's opinion, does not include

3

support or details to justify the statements made therein, nor does the evidence of record support it.

The ALJ also explained that he gave Dr. Tran's opinion little weight in his analysis. (R. 20). The Court notes that Dr. Tran's opinion was provided on a Pennsylvania Department of Welfare form and did not include reference to any functional abilities. (R. 415-17). In fact, the form, as filled in by Dr. Tran, simply indicated that Plaintiff would have limited employability because she could only work 10 hours a week and would need frequent rest breaks. (R. 416). The ALJ explained that Dr. Tran's opinion did not provide a function-by-function assessment of Plaintiff's abilities and was conclusory and inconsistent with Plaintiff's performance of a variety of activities during the period at issue. (R. 20). Moreover, as noted, supra, a conclusion as to the ultimate issue of disability is not entitled to any special significance since the determination of whether he was disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006). Thus, as Dr. Tran's opinion did not include specific functional limitations and merely opined as to Plaintiff's limited employability, the Court finds that the ALJ did not err in giving little weight to that opinion in his analysis.

Additionally, the ALJ noted in his decision that he afforded partial weight to state agency medical consultant James Caramanna, M.D., who opined that Plaintiff could engage in light exertional work with certain additional limitations. (R. 20, 66-70). The ALJ explained that, while Dr. Caramanna's opinion was generally consistent with his own RFC assessment, the doctor did not have access to the full medical record, nor did he have the opportunity to examine Plaintiff. (R. 20). Thus, the ALJ determined that, based on his review of all the evidence, a more restrictive RFC than that found by Dr. Caramanna was necessary in this case. Accordingly, the ALJ limited Plaintiff to sedentary work with numerous additional limitations. (R. 16).

Plaintiff also appears to contend that the ALJ erred in formulating the RFC in this case without relying on a specific medical opinion. The Court notes, however, that such an argument is based on a mistaken understanding of the decision of the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court has explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and in various other decisions, the Doak opinion does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak held that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work. The Court of Appeals never suggested that a finding of ability to perform light work could only be made if an opinion in the record had clearly stated that the claimant could perform such work.

Moreover, as noted, supra, it is well-established that it is the ALJ who must make the ultimate disability and RFC determinations, not treating or examining physicians or state agency consultants. Chandler, 667 F.3d at 361; see also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (July 2, 1996). Additionally, "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington

clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. Further, this general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

In fact, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. §§ 404.1545, 416.945. Therefore, the ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR §§ 404.1546(c), 416.946(c). The ALJ is thus not required to rely only on a particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. See SSR 96-5p, 1996 WL 374183, *5 (July 2, 1996). Moreover, although reliance on physicians' opinions is common, "the regulations do not require ALJs to seek outside expert assistance." Chandler, 667 F.3d at 362. Thus, the Court finds that the ALJ did not err here by not relying on a particular medical opinion in making his RFC assessment.

Further, the Court concludes that the ALJ was not required to supplement the record with additional evidence by re-contacting Plaintiff's doctors, arranging for a consultative examination, or finding another medical expert to review the record, as Plaintiff suggests. At the administrative hearing, Plaintiff's counsel informed the ALJ that, aside from certain records that had not yet been received, no other records were needed to decide this case. (R. 39-40). Also, because there does not appear to have been any confusion on the part of the ALJ as to what the various doctors opined in this case, there was no need for the ALJ to re-contact Plaintiff's doctors here. See Vargas v. Berryhill, No. 16-2003, 2018 WL 1938312, at *7 (M.D. Pa. Mar. 13, 2018) ("When an ALJ does not express 'confusion' about a treating source statement, but, instead, concludes that it lacks proper support, there is no reason to recontact the physician.").

Therefore, the Court concludes that the ALJ sufficiently considered the evidence of record in evaluating the opinions of Dr. Boyle, Dr. Bass, and Dr. Tran, and he adequately explained he reasons for giving the opinions the weight that he did in his decision. In this case, Plaintiff's treating physicians simply failed to provide detailed opinions that were well-supported and consistent with the record as a whole. Thus, the Court finds that the ALJ did not err in giving the doctors' opinions little or partial weight in determining Plaintiff's RFC.

Second, Plaintiff asserts that the ALJ also erred in assessing her credibility, including by failing to consider her work history. In support of this contention, Plaintiff argues that the ALJ failed to consider properly the medical opinions (which generally undermined her credibility), and that the ALJ also failed to specifically discuss her work history. The Court finds, however, that the ALJ did not in fact err in assessing Plaintiff's credibility.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with

the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical records and subjective complaints in connection with her alleged impairments, the ALJ simply found that such evidence did not fully support the limitations she alleges.

Although Plaintiff suggests that the ALJ erred in summarizing the underlying facts by noting a lack of specialist care as a factor indicating that her symptoms were not as limiting as she alleges, the Court does not agree. The ALJ noted that Dr. Bass's records show he referred Plaintiff to an orthopedic specialist in March 2016, but that, as of her October 2017 appointment, she still had not gone to see a specialist. (R. 18, 477, 448). The ALJ also referred to Plaintiff's November 2016 orthopedic evaluation, noting that, although she had been recommended for both physical therapy and knee injections, she had failed to pursue either. (R. 18, 706-09). The ALJ also noted that Plaintiff has not pursued suggested surgical consultation. (R. 18). Thus, the ALJ did not err in explaining that Plaintiff had failed to follow up and undergo consultation with specialists, nor did he err in finding that her ongoing conservative care combined with a lack of specialist care strongly indicated that her symptoms were not as limiting as she alleges. (R. 18-19).

Plaintiff also asserts that the ALJ did not properly describe her activities of daily living as a reflection of the severity of her symptoms. However, the Court finds that, in formulating Plaintiff's RFC, the ALJ properly considered Plaintiff's activities of daily living, which were quite extensive, as noted, supra. (R. 18). Moreover, the Court notes that the ALJ did not rely solely on Plaintiff's activities of daily living in assessing her RFC, but he instead reasonably relied on such activities as one of many factors he considered in assessing her limitations. See 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support limitations to the extent that Plaintiff alleges.

Moreover, Plaintiff contends that the ALJ erred in not giving sufficient weight to her work history in his analysis. The Court notes, however, that a claimant's work history is only one factor that an ALJ should consider in evaluating her RFC, and it is not dispositive. See 20 C.F.R. §§ 404.1529(c), 416.929(c). Here, the ALJ was clearly aware of Plaintiff's work history as he discussed her past work at the hearing, and he noted her past work in his decision. Thus, the Court cannot find that the ALJ erred in failing to address such work. (R. 20, 53-54). Furthermore, even if the Court were to find that the ALJ should have emphasized Plaintiff's work history in his discussion of her RFC, the Court could not find that it constituted more than

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

harmless error, considering all of the factors at issue. See Lee v. Astrue, No. 12-0782, 2012 WL 4932019, at *8 (E.D. Pa. Oct. 17, 2012).

Thus, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for the reasons he provided in his decision. (R. 17). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely consistent with the evidence of record.

As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

The Court notes that a claimant does not need to be entirely free of pain or experiencing no discomfort at all in order to be found not disabled. See Andreolli v. Comm'r of Soc. Sec., No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008). Moreover, although Plaintiff does not agree with the ALJ's decision in this case, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record. See Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986). In this case, the Court finds that the ALJ's findings are, in fact, supported by substantial evidence.

In sum, after careful review of the record, the Court finds that substantial evidence supports the ALJ's evaluation of the medical opinions in the record and his decision as to the weight given to those opinions in making his ultimate determination regarding Plaintiff's RFC. Moreover, nothing in the statute, in the regulations, or in the case law requires the existence of a specific outside medical opinion for the ALJ to make the RFC determination that he made in this case. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's subjective claims or in considering her work history in evaluating her credibility. Accordingly, the Court affirms.